# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

3 Gannett Drive, White Plains, NY 10604-3407
Tel: 914.323.7000    Fax: 914.323.7001

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

—

www.wilsonelser.com

September 10, 2007

Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
300 Quorropas Street, Room 533
White Plains, New York 10601

    Re:    Ey v. Connecticut General Life Insurance Company, 07 Civ. 5704 (KMK)(LMS)
           Our File No.  :      09856.00071

Dear Judge Karas:

    We represent defendant Connecticut General Life Insurance Company ("Connecticut General") in the above-captioned action. We respectfully request leave of the court to submit a pre-answer Motion to Dismiss under Fed. R. Civ. P. 12(b)(2), (5), and (6).

## Background Information

    Plaintiff was insured under a Connecticut General group long-term disability policy ("the Policy") offered through his employer, Yellow Freight Systems. After issuing benefits to Plaintiff from October 6, 1996 until March 5, 2006, Connecticut General terminated his benefits because he was no longer "totally disabled" under the Policy. Plaintiff commenced this action to recover long-term disability benefits, attorney's fees, and costs, alleging that Connecticut General wrongfully terminated his disability benefits in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 et seq. ("ERISA"). *See* Plaintiff's Complaint attached as Exhibit A.

## Dismissal Under Fed. R. Civ. P. 12(b)(2) and (5)

    The Court should dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(2) and (5) because Plaintiff improperly named and served "CIGNA General Insurance" as Defendant in this action. CIGNA General Insurance is a service mark and is not a legal entity. The mark is licensed to CIGNA's underwriting entities, including Connecticut General, strictly for marketing purposes.

    Connecticut General alerted Plaintiff to this fact and offered to waive service if Plaintiff would agree to amend the Waiver, Summons, and Complaint, removing "CIGNA General

Insurance" as Defendant in this action. *See* Letter from Counsel Attached as <u>Exhibit B</u>. Plaintiff initially agreed but instead elected to personally serve "CIGNA General Insurance" on August 21, 2007. *See* Summons attached as <u>Exhibit C</u>.

Because CIGNA General Insurance is a service mark and not a legal entity, the Complaint should be dismissed for lack of jurisdiction over the person and insufficiency of service of process under Rules 12(b)(2) and (5).

### Dismissal Under Fed. R. Civ. P. 12(b)(6)

The Court should dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted. As stated above, Plaintiff commenced this action under ERISA. Among the causes of action alleged in the Complaint, Plaintiff alleges a claim for promissory estoppel. *See* <u>Exhibit A</u>, ¶¶ 68-73. Promissory-estoppel claims are applicable in ERISA actions only under "extraordinary circumstances." *Schonholz v. Long Island Jewish Med. Center*, 87 F.3d 72, 78 (2d Cir. 1996). Extraordinary circumstances are generally limited to situations in which an employer gains some benefit by intentionally inducing an employee to detrimentally rely on a promise. *Id.* at 79. Plaintiff simply alleges that he "has reasonably relied to his detriment on his deserved payment of benefits promised to him by CIGNA under the Policy and justice demands that said promise be enforced." *See* Exhibit A, ¶72. Moreover, by requesting an order from the Court "declaring that CIGNA is estopped from asserting that Mr. Ey is not entitled to CIGNA's long term disability benefits," Plaintiff is in effect seeking an order compelling Connecticut General to pay monetary damages, which are not available under ERISA. *Id.* at p. 10; *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993).

Because Plaintiff has failed to properly allege a promissory-estoppel claim under ERISA, for which he is seeking improper relief, the Complaint should be dismissed for a failure to state a claim under Rule 12(b)(6).

### Good Faith Effort to Resolve Without Court Intervention

Connecticut General has made a good-faith effort to resolve this dispute without resorting to court intervention. In an effort to avoid motion practice, we have called Plaintiff's counsel multiple times and requested that he amend the Complaint to (a) reflect the proper Defendant; and (b) remove the promissory-estoppel cause of action as an improper claim under ERISA. Although Plaintiff's counsel initially agreed to amend the Complaint (at least as far as naming and serving the proper Defendant goes), he has since become less than cooperative and has refused to amend the Complaint.

In sum, we respectfully request that the court permit Connecticut General to submit a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6).

Respectfully Submitted,

*/s/ Matthew D. Donovan*

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

1687082.1

Matthew D. Donovan (MD 2940)

Attachments

Cc:   Evan Foulke, Esq.
Foulke Law Offices
*Attorneys for Plaintiff*
1997 Route 17M
P.O. Box 239
Goshen, NY 10924

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

3 Gannett Drive, White Plains, NY 10604   Tel: (914) 323-7000   Fax: (914) 323-7001

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago*
*White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*

www.wemed.com

August 16, 2007

**By Overnight Courier**

Mr. Evan M. Foulke
1997 Route 17M
P.O. Box 239
Goshen, NY 10924

**Ex. A**

RE:   William Ey v. CIGNA Group Insurance
      Civil Action Number: 07 CIV 5704
      Our File Number: 09856.00071

Dear Mr. Foulke:

As you are aware, we represent the defendant in the captioned litigation.

Please allow this letter to serve as a follow up to our telephone conversation on July 31, 2007, wherein you agreed to amend your Waiver of Service of Summons, Summons, and Complaint to reflect that plaintiff is bringing suit against Connecticut General Life Insurance Company, but not CIGNA Group Insurance.[1] Despite our agreement, to date, we have not received a copy of your amended pleadings. Accordingly, we are unable to sign the Waiver of Service of Summons or otherwise respond to the Complaint within the sixty (60) day time period specified in the waiver documents.

Thank you for your attention to this matter. If you have any questions, please contact me anytime.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Michelle M. Arbitrio

---

[1] CIGNA Group Insurance is a service mark. It is not a legal entity and is not a proper litigant to this or any action.

WPDOCS01 1668901v.1

Ex. B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM J. EY,

          Plaintiff,

-against-

CONNECTICUT GENERAL LIFE INSURANCE
COMPANY d/b/a CIGNA GROUP INSURANCE,

          Defendant.

Docket No.

**COMPLAINT**

Jury Trial Demanded

07 CIV. 5704
WP4

RECEIVED JUN 14 2007 USDC-WP-SDNY

Plaintiff, William J. Ey, by his attorneys, Foulke Law Offices, alleges for his Complaint against defendant, Connecticut General Life Insurance Company d/b/a CIGNA Group Insurance ("CIGNA"), as follows:

## JURY DEMAND

1. Plaintiff demands a trial by jury of all issues.

## NATURE OF ACTION

2. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and more particularly, Sections 404, 409 and 502 of the Act, 29 U.S.C. §§ 1104, 1109 and 1132.

## THE PARTIES

3. Plaintiff William J. Ey is a resident of the Village of Bloomingburg, County of Orange and State of New York.

4. On April 6, 1996 plaintiff William J. Ey was employed by Yellow Freight Systems as a Dock Supervisor.

5. As an employee of Yellow Freight Systems, Mr. Ey was provided with long term disability benefits pursuant to the terms of a group long term disability insurance policy issued by CIGNA.

6. At all relevant times, CIGNA was and presently is duly authorized to transact

business in the state of New York and is in fact transacting business in the state of New York and offers long term group disability insurance policies for sale in the state of New York.

7. At all relevant times, defendant CIGNA was and is an insurance company that sold policies of disability insurance pursuant to a group plan with Yellow Freight Systems which provided, among other forms of coverage, long term disability insurance to employees of Yellow Freight Systems.

8. William Ey commenced his employment with Yellow Freight Systems in or about June, 1992. At all relevant times, Mr. Ey was insured pursuant to the terms of a group plan for long term disability benefits underwritten and issued by CIGNA.

9. Benefits are due and vested under the group plan and long term disability policy with CIGNA.

10. At all relevant times, Mr. Ey complied with all conditions necessary for him to receive benefits based on his disability and is a participant in and beneficiary of said policy.

### Jurisdiction And Venue

11. This Court has jurisdiction under 29 U.S.C. § 1001 et seq., particularly Sections 502(e) and (f) of ERISA 29 U.S.C. § 1132(e)(f).

12. Venue is proper in the Southern District of New York pursuant to § 502(e)(2) of ERISA 29 U.S.C. § 1132(e)(2) since the plan is administered in this district and the defendant may be found here. Venue is also proper in the Southern District of New York pursuant to Title 28, U.S.C. § 1391.

### Facts Relating To The CIGNA Policy

13. CIGNA, for good and valuable consideration, sold, executed and delivered to Yellow Freight Systems, a group long term disability insurance policy known as and labeled policy no. 0497265 (the "CIGNA Policy"). The CIGNA Policy was issued on printed forms prepared by defendant CIGNA.

14. The CIGNA Policy was in full force and effect during all relevant times stated here

2

within.

15. At all relevant times, Yellow Freight Systems established an Employee Welfare Benefit Plan (the "Plan") pursuant to ERISA.

16. At all relevant times, Mr. Ey was an employee of Yellow Freight Systems and insured pursuant to the Plan for long term disability under the CIGNA Policy.

17. Mr. Ey was covered under the terms of the CIGNA Policy at the time his disabling condition commenced.

18. CIGNA has wrongfully and maliciously concocted pretextual reasons for denial of benefits to Mr. Ey. CIGNA bases this decision on a selective and misleading representation of the record before it and upon selective and misunderstanding of Mr. Ey's capabilities ignoring the submissions presented by Mr. Ey and his treating physicians as a whole.

19. The CIGNA appeals process and the process by which they denied Mr. Ey's claim is blatantly self-interested and prejudiced towards its policy holder Mr. Ey.

### Mr. Ey's Total Disability

20. Mr. Ey was employed as a Dock Supervisor. As part of his responsibilities as Dock Supervisor, he was not only responsible for supervision of employees but also for labor including heavy lifting, operation of equipment and moving. At no time was Mr. Ey employed as light duty or limited to desk duty.

21. At or about April 6, 1996, Mr. Ey suffered an on the job injury to his lower back and suffered acute lumbar herniated discs and myofacial lower back pain radiating into both legs. The accident occurred when Mr. Ey was engaged in heavy lifting of a tractor trailer door.

22. Mr. Ey was subsequently diagnosed with severe and significant disabling lower back injury including herniated discs in his lumbar spine and has subsequently been completely unable to return to work.

23. Post-traumatic injury MRIs have confirmed his subjective complaints and have revealed herniated discs at L4-5 and L5-S1.

3

24. Since the onset of his injury, Mr. Ey has suffered from chronic sharp disabling pain to his lower back and lower left extremity which prevents him from doing much and most of the activities which made up his normal daily routine.

25. Mr. Ey has been in constant treatment since the onset of injuries and has undergone epidural and steroid injections, facet block injections as well as a facet ablation surgical procedure, trigger point injections, physical therapy, and chronic pain management, which treatment is ongoing.

26. As a result of his injuries, Mr. Ey suffers from constant, severe pain including radicular pain radiating into his leg.

27. Mr. Ey cannot walk, sit, stand or drive for more than short periods of time and can no longer engage in any lifting or activities which require range of motion as required by his job.

28. Due to his limited ability to walk, stand, lift, or ambulate as needed and without assistance, he is disabled under the terms of the policy.

29. Even with medication, Mr. Ey is unable to sustain normal activities which would permit him to engage in work activities and earn a living. Mr. Ey's condition has not changed since the onset of his disability and he has failed to improve with time.

30. Mr. Ey cannot even manage the daily commute to his job, let alone the sitting, standing, lifting, squatting, walking, bending, lifting and other work that his job or a similar situated job entails.

31. As a result of his condition, Mr. Ey is totally disabled and completely unable to engage or participate in his previous job as Dock Supervisor or a similarly situated position.

32. Despite that Mr. Ey's condition has failed to improve, CIGNA has wrongfully, maliciously and inappropriately denied Mr. Ey long term disability benefits in contravention of its obligations under the Policy.

33. Mr. Ey first requested long term insurance disability benefits during the year of the onset of his disability in 2006.

34. Thereafter, CIGNA examined Mr. Ey's claim, reviewed his medical records, and

4

rightfully approved Mr. Ey's request for long term disability benefits under the Policy. Monthly long term disability benefits commenced on October 6, 2006.

35. Accordingly, CIGNA, at all times during the payment of benefits, considered Mr. Ey disabled and meeting the definition of disability under the terms of the Policy.

36. CIGNA then temporarily continued to honor its obligations under ERISA and under its Policy to pay on the long term disability benefits as it was obligated to do.

37. Since the issuance of benefits, Mr. Ey's condition has not changed and he failed to improve.

38. By letter dated March 9, 2006, CIGNA wrongfully and maliciously, and in spite of the fact that Mr. Ey's condition has not improved at all, issued a denial of the continued receipt of long term disability benefits under the Policy.

39. Pursuant to the terms of the Policy, Mr. Ey thereafter contested the denial of benefits and duly filed an appeal of the denial and wrongful termination of his disability benefits by submissions dated June 12, 2006.

40. By letter dated July 11, 2006, CIGNA acknowledged receipt of Mr. Ey's appeal and proceeded to process the appeal.

41. By letter dated August 4, 2006, CIGNA affirmed its wrongful decision to deny Mr. Ey benefits that he was properly entitled to.

42. CIGNA's wrongful decision to deny Mr. Ey's appeal and decision to wrongfully deny benefits to Mr. Ey sets forth obvious pretext and innuendo as the basis for denial of benefits and includes incorrect factual assumptions based on the selective reading and misreading of the records used for the basis for the erroneous decision.

43. It has been adjudicated that Mr. Ey is permanently and completely disabled by both the Worker's Compensation Board and by Social Security Disability. Mr. Ey's treating physician, Dr. John Handago, is also of the opinion that Mr. Ey is permanently disabled and that opinion is well known to CIGNA.

44. CIGNA did not properly consider submitted medical opinions that Mr. Ey is disabled, unable to work and should be eligible for long term disability.

45. Instead, CIGNA maliciously and in bad faith, wrongfully inaccurately asserts that under a "transferable skill analysis", Mr. Ey would be able to perform certain sedentary positions. This analysis completely ignores the record submitted to CIGNA that he is unable to sit for any significant period of time.

46. CIGNA's conclusions are based solely on an analysis which ignores the medical record as a whole, ignores Mr. Ey's subjective complaints, and ignores the opinions of not only Mr. Ey's treating physician, but also the worker's compensation physician who conducted its independent medical examination, Dr. Joseph Laico.

47. CIGNA's conclusions are in complete and malicious disregard of the determinations of Mr. Ey's primary care physician, in complete disregard of his subjective physical complaints and in complete disregard of his job requirements.

## THE TERMS OF THE POLICY

48. CIGNA, for good and valuable consideration, sold, executed and delivered to Yellow Freight Systems a group long term disability insurance policy.

49. On information and belief, the CIGNA Policy was effective at all times mentioned herein and provides that:

> "[the Policy] delivered and governed by the laws of the governing jurisdiction and to the extent applicable by the Employee Retirement Income Security Act of 1974 (ERISA) and any amendments".

50. On information and belief, the CIGNA Policy was renewable periodically and the CIGNA Policy has been continuously renewed and remains in full force.

51. Mr. Ey was covered under the terms of the CIGNA Policy at the time he first became unable to work in April, 1996 when he first applied for disability benefits under the terms of the CIGNA Policy.

6

52. Mr. Ey notified CIGNA of his continued inability to work and requested disability benefits in accordance with the definitions contained in CIGNA's long term disability policy.

53. On information and belief, CIGNA's group insurance policy provides that the term disability is defined as:

> "After monthly benefits have been payable for twelve months, you will be Totally Disabled only if, because of Injury or Sickness, you are unable to perform the essential duties of any occupation for which you are or may reasonably become qualified based on your education, training or experience."

54. Commencing on or about April 1996 and continuing through the present, Mr. Ey has been unable to perform each of the material duties of his regular occupation and of any gainful occupation for which he is reasonably fitted by training, education or experience.

55. Mr. Ey is disabled by the terms of the CIGNA Policy.

56. Mr. Ey's condition has not improved.

57. Additionally, Mr. Ey's treating healthcare providers provided CIGNA with dated reports concerning the nature and extent of his disability and the progression of his ailments.

58. Notwithstanding CIGNA's knowledge of Mr. Ey's condition, CIGNA wrongfully, maliciously and in bad faith has denied Mr. Ey's continued receipt of long term disability benefits.

## FIRST CAUSE OF ACTION AGAINST CIGNA FOR WRONGFUL DENIAL OF LONG TERM DISABILITY BENEFITS

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 58 as if set forth in full herein.

60. All conditions precedent to the commencement of this action have been met and Mr. Ey has fully performed all of his obligations to CIGNA under the plan and under the CIGNA Policy.

61. Mr. Ey has properly and completely exhausted all of his administrative remedies under the plan. Defendant CIGNA wrongfully denies and refuses Mr. Ey's claim for insurance benefits despite the demand, despite no change in condition, and despite his inability to work.

7

62. Mr. Ey has been treated wrongfully and unfairly by defendant CIGNA and in violation of Section 502, 404 and 409 of ERISA 29 U.S.C. §§ 1132, 1104, and 1109, as well as in violation of applicable plan documents and related policies in effect.

63. Moreover, the decision of CIGNA to deny Mr. Ey's long term disability insurance benefits under the terms of the plan and under the terms of the CIGNA Policy was made in bad faith and in violation of ERISA.

64. Mr. Ey asserts this claim pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 to recover the long term disability insurance benefits due under the plan and to enforce his rights of the CIGNA Policy under the plan.

65. As a direct and proximate result of defendant CIGNA's action, Mr. Ey been caused to incur substantial attorney's fees and costs in an amount not currently known.

66. Pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Mr. Ey is entitled to recover his attorney's fees and costs incurred in bringing this action to right the wrong done to him by defendant CIGNA.

67. As a direct and proximate result of defendant CIGNA's actions and by virtue of CIGNA's breach of its contractual obligations under the CIGNA Policy to pay Mr. Ey for a covered loss, CIGNA is liable to Mr. Ey in the amount of his claim for monthly benefits from the date of its denial through present, together with interest as allowed by law and attorney's fees.

## SECOND CAUSE OF ACTION
## FOR ESTOPPEL AGAINST CIGNA

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 58 as if set forth in full herein.

69. On information and belief, CIGNA, as at all times mentioned herein, accepted timely payment of premiums for Mr. Ey's long term disability coverage for the entire time of his employment beginning in approximately April 1996, making Mr. Ey eligible for long term disability coverage.

8

70. CIGNA wrongfully, maliciously, and improperly denied benefits to Mr. Ey on March 9, 2006 in breach of its obligations under the Policy and under ERISA.

71. Based upon CIGNA's correspondence with Mr. Ey, CIGNA acknowledges and admits its obligations under the plan.

72. Mr. Ey has reasonably relied to his detriment on his deserved payment of benefits promised to him by CIGNA under the Policy and justice demands that said promise be enforced.

73. By virtue of the actions of CIGNA, and its agents, servants, employees, and a consequent reliance by Mr. Ey, CIGNA is estopped in asserting that Mr. Ey is not entitled to payment by CIGNA of long term disability benefits.

## THIRD CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 58 as if set forth in full herein.

75. Mr. Ey seeks a declaration that he is permanently disabled pursuant to CIGNA's long term disability policy and is entitled to long term disability benefits each month until the age of 65 and beyond as appropriate.

## FOURTH CAUSE OF ACTION AGAINST
## CIGNA FOR ATTORNEY'S FEES

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 58 as if set forth in full herein.

77. In violation of Section 409 of ERISA, 29 U.S.C. § 1109, defendant CIGNA has breached its responsibilities and obligations under the plan to employees of Yellow Freight Systems, including Mr. Ey. This breach of CIGNA's duty of good faith, skill, prudence and diligence is described above.

78. As a direct and proximate result of defendant CIGNA's actions, William Ey has been caused to incur substantial attorney's fees and costs in an amount not currently known.

9

79. Pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Mr. Ey is entitled to recover his attorney's fees and costs incurred in bringing this action to right the wrong done to him by defendant CIGNA and in treating him in bad faith.

### FIFTH CAUSE OF ACTION AGAINST CIGNA FOR PAYMENT OF INTEREST

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 58 as if set forth in full herein.

81. Plaintiff was entitled to timely payment of long term disability benefits upon him first request.

82. Said benefits were unjustly denied by defendant CIGNA.

83. Continued non-payment of benefits to which Plaintiff is entitled has denied Mr. Ey the full value of what was promised him, and afforded CIGNA an unjust enrichment.

84. In addition to other remedies requested, an award of interest to Mr. Ey will provide an equitable make-whole remedy for this non-payment under § 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3)(B).

WHEREFORE, plaintiff Mr. Ey, respectfully requests the Court to enter an Order granting the following relief:

(1) Upon the First Cause of Action against CIGNA entering an award of judgment in favor of the plaintiff against defendant CIGNA for the amount of Mr. Ey's monthly disability benefits in amounts owed under the terms of the plan from March 9, 2006 until present, together with interest as allowed by law;

(2) Upon the Second Cause of Action against CIGNA declaring that CIGNA is estopped from asserting that Mr. Ey is not entitled to CIGNA's long term disability benefits;

(3) Upon the Third Cause of Action against CIGNA for an order, award and judgment declaring that Mr. Ey is permanently disabled pursuant to CIGNA's Total Disability Policy and is entitled to long term disability benefits in a monthly amount to be determined by the Court, each month until the age 65, and beyond as appropriate;

(4) Upon the Fourth Cause of Action against CIGNA for reasonable attorney's fees, costs and disbursements incurred in prosecuting this action, and any other attorney's fees and disbursements approved by the Court;

10

215 761 3813

(5) Upon the Fifth Cause of Action against CIGNA for interest as the Court deems just and proper on benefits past due Mr. Ey; and

(6) For such other and further relief as the Court deems just and proper under the circumstances including interest and attorney's fees.

Dated: Goshen, New York
June 11, 2007

By: *[signature]*

FOULKE LAW OFFICES

Evan M. Foulke, Esq.
Attorneys for Plaintiff
1997 Route 17M
P.O. Box 239
Goshen, NY 10924
845-294-4308

TO: CIGNA Group Insurance
12225 Greenville Avenue, Suite 1000
Dallas, TX 75243-9337

11

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF ORANGE       )

WILLIAM J. EY, being duly sworn, deposes and says:

I am the Plaintiff in this proceeding herein and I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge except to those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
WILLIAM J. EY

Sworn to before me this
14th day of June, 2007.

_____
NOTARY PUBLIC

EVAN M. FOULKE
Notary Public, State of New York
No. 02FO6076289
Qualified in Orange County
Commission Expires March 31, 2011

12

215 761 3813

**Ex C.**

AO 440 (Rev. 10/93) Summons in a Civil A    • SDNY WEB 4/99

# United States District Court

_____SOUTHERN_____ DISTRICT OF _____NEW YORK_____

WILLIAM J. EY

V.

CONNECTICUT GENERAL LIFE INSURANCE
COMPANY d/b/a CIGNA GROUP INSURANCE

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**07 CIV. 5704**

**WP4**

TO: (Name and address of defendant)

CIGNA Group Insurance
12225 Greenville Avenue, Suite 1000
Dallas, TX 75243-9337

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

FOULKE LAW OFFICES
1997 Route 17M
P.O. Box 239
Goshen, NY 10924

THIS CITATION WAS
DELIVERED TO YOU
21 DAY OF 3 20 07
BY _____

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. Michael McMahon

CLERK

(BY) DEPUTY CLERK

JUN 1 4 2007

DATE