UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

WILLIAM J. EY,                                          Docket No.  07-cv-5704 (LMS)

                  Plaintiff,                       **AMENDED COMPLAINT**

      -against-                                   **Jury Trial Demanded**

CONNECTICUT GENERAL LIFE INSURANCE                  **(ECF Case)**
COMPANY,

              Defendant.

_____

        Plaintiff, William J. Ey, by his attorneys, Foulke Law Offices, alleges for his Complaint

against defendant, Connecticut General Life Insurance Company ("Connecticut General"), as follows:

### JURY DEMAND

      1.      Plaintiff demands a trial by jury of all issues.

### NATURE OF ACTION

      2.      This action arises under the Employee Retirement Income Security Act of 1974, as

amended, 29 U.S.C. § 1001 et seq. ("ERISA") and more particularly, Sections 404, 409 and 502 of the Act,

29 U.S.C. §§ 1104, 1109 and 1132.

### THE PARTIES

      3.      Plaintiff William J. Ey is a resident of the Village of Bloomingburg, County of

Orange and State of New York.

      4.      On April 6, 1996 plaintiff William J. Ey was employed by Yellow Freight Systems

as a Dock Supervisor.

      5.      As an employee of Yellow Freight Systems, Mr. Ey was provided with long term

disability benefits pursuant to the terms of a group long term disability insurance policy issued by

Connecticut General.

      6.      At all relevant times, Connecticut General was and presently is duly authorized to

transact business in the state of New York and is in fact transacting business in the state of New York and offers long term group disability insurance policies for sale in the state of New York.

7.     At all relevant times, defendant Connecticut General was and is an insurance company that sold policies of disability insurance pursuant to a group plan with Yellow Freight Systems which provided, among other forms of coverage, long term disability insurance to employees of Yellow Freight Systems.

8.     William Ey commenced his employment with Yellow Freight Systems in or about June, 1992.  At all relevant times, Mr. Ey was insured pursuant to the terms of a group plan for long term disability benefits underwritten and issued by Connecticut General.

9.     Benefits are due and vested under the group plan and long term disability policy with Connecticut General.

10.     At all relevant times, Mr. Ey complied with all conditions necessary for him to receive benefits based on his disability and is a participant in and beneficiary of said policy.

**Jurisdiction And Venue**

11.     This Court has jurisdiction under 29 U.S.C. § 1001 et seq., particularly Sections 502(e) and (f) of ERISA 29 U.S.C. § 1132(e)(f).

12.     Venue is proper in the Southern District of New York pursuant to § 502(e)(2) of ERISA 29 U.S.C. § 1132(e)(2) since the plan is administered in this district and the defendant may be found here.  Venue is also proper in the Southern District of New York pursuant to Title 28, U.S.C. § 1391.

**Facts Relating To The CONNECTICUT GENERAL Policy**

13.     CONNECTICUT GENERAL, for good and valuable consideration, sold, executed and delivered to Yellow Freight Systems, a group long term disability insurance policy known as and labeled policy no. 0497265 (the "CONNECTICUT GENERAL Policy").  The Connecticut General Policy was issued on printed forms prepared by defendant Connecticut General.

2

14.     The Connecticut General Policy was in full force and effect during all relevant times stated here within.

15.     At all relevant times, Yellow Freight Systems established an Employee Welfare Benefit Plan (the "Plan") pursuant to ERISA.

16.     At all relevant times, Mr. Ey was an employee of Yellow Freight Systems and insured pursuant to the Plan for long term disability under the Connecticut General Policy.

17.     Mr. Ey was covered under the terms of the Connecticut General Policy at the time his disabling condition commenced.

18.     Connecticut General has wrongfully and maliciously concocted pretextual reasons for denial of benefits to Mr. Ey.  Connecticut General bases this decision on a selective and misleading representation of the record before it and upon selective and misunderstanding of Mr. Ey's capabilities ignoring the submissions presented by Mr. Ey and his treating physicians as a whole.

19.     Connecticut General appeals process and the process by which they denied Mr. Ey's claim is blatantly self-interested and prejudiced towards its policy holder Mr. Ey.

### Mr. Ey's Total Disability

20.     Mr. Ey was employed as a Dock Supervisor.  As part of his responsibilities as Dock Supervisor, he was not only responsible for supervision of employees but also for labor including heavy lifting, operation of equipment and moving.  At no time was Mr. Ey employed as light duty or limited to desk duty.

21.     At or about April 6, 1996, Mr. Ey suffered an on the job injury to his lower back and suffered acute lumbar herniated discs and myofacial lower back pain radiating into both legs.  The accident occurred when Mr. Ey was engaged in heavy lifting of a tractor trailer door.

22.     Mr. Ey was subsequently diagnosed with severe and significant disabling lower back injury including herniated discs in his lumbar spine and has subsequently been completely unable to return to work.

3

23.    Post-traumatic injury MRIs have confirmed his subjective complains and have revealed herniated discs at L4-5 and L5-S1.

24.    Since the onset of his injury, Mr. Ey has suffered from chronic sharp disabling pain to his lower back and lower left extremity which prevents him from doing much and most of the activities which made up his normal daily routine.

25.    Mr. Ey has been in constant treatment since the onset of injuries and has undergone epidural and steroid injections, facet block injections as well as a facet ablation surgical procedure, trigger point injections, physical therapy, and chronic pain management, which treatment is ongoing.

26.    As a result of his injuries, Mr. Ey suffers from constant, severe pain including radicular pain radiating into his leg.

27.    Mr. Ey cannot walk, sit, stand or drive for more than short periods of time and can no longer engage in any lifting or activities which require range of motion as required by his job.

28.    Due to his limited ability to walk, stand, lift, or ambulate as needed and without assistance, he is disabled under the terms of the policy.

29.    Even with medication, Mr. Ey is unable to sustain normal activities which would permit him to engage in work activities and earn a living.  Mr. Ey's condition has not changed since the onset of his disability and he has failed to improve with time.

30.    Mr. Ey cannot even manage the daily commute to his job, let alone the sitting, standing, lifting, squatting, walking, bending, lifting and other work that his job or a similar situated job entails.

31.    As a result of his condition, Mr. Ey is totally disabled and completely unable to engage or participate in his previous job as Dock Supervisor or a similarly situated position.

32.    Despite that Mr. Ey's condition has failed to improve, Connecticut General has wrongfully, maliciously and inappropriately denied Mr. Ey long term disability benefits in contravention of its obligations under the Policy.

33.     Mr. Ey first requested long term insurance disability benefits during the year of the onset of his disability in 2006.

34.     Thereafter, Connecticut General examined Mr. Ey's claim, reviewed his medical records, and rightfully approved Mr. Ey's request for long term disability benefits under the Policy. Monthly long term disability benefits commenced on October 6, 2006.

35.     Accordingly, Connecticut General, at all times during the payment of benefits, considered Mr. Ey disabled and meeting the definition of disability under the terms of the Policy.

36.     Connecticut General then temporarily continued to honor its obligations under ERISA and under its Policy to pay on the long term disability benefits as it was obligated to do.

37.     Since the issuance of benefits, Mr. Ey's condition has not changed and he failed to improve.

38.     By letter dated March 9, 2006, Connecticut General wrongfully and maliciously, and in spite of the fact that Mr. Ey's condition has not improved at all, issued a denial of the continued receipt of long term disability benefits under the Policy.

39.     Pursuant to the terms of the Policy, Mr. Ey thereafter contested the denial of benefits and duly filed an appeal of the denial and wrongful termination of his disability benefits by submissions dated June 12, 2006.

40.     By letter dated July 11, 2006, Connecticut General acknowledged receipt of Mr. Ey's appeal and proceeded to process the appeal.

41.     By letter dated August 4, 2006, Connecticut General affirmed its wrongful decision to deny Mr. Ey benefits that he was properly entitled to.

42.     Connecticut General's wrongful decision to deny Mr. Ey's appeal and decision to wrongfully deny benefits to Mr. Ey sets forth obvious pretext and innuendo as the basis for denial of benefits and includes incorrect factual assumptions based on the selective reading and misreading of the records used for the basis for the erroneous decision.

5

43.    It has been adjudicated that Mr. Ey is permanently and completely disabled by both the Worker's Compensation Board and by Social Security Disability.  Mr. Ey's treating physician, Dr. John Handago, is also of the opinion that Mr. Ey is permanently disabled and that opinion is well known to Connecticut General.

44.    Connecticut General did not properly consider submitted medical opinions that Mr. Ey is disabled, unable to work and should be eligible for long term disability.

45.    Instead, Connecticut General maliciously and in bad faith, wrongfully inaccurately asserts that under a "transferable skill analysis", Mr. Ey would be able to perform certain sedentary positions.  This analysis completely ignores the record submitted to Connecticut General that he is unable to sit for any significant period of time.

46.    Connecticut General's conclusions are based solely on an analysis which ignores the medical record as a whole, ignores Mr. Ey's subjective complaints, and ignores the opinions of not only Mr. Ey's treating physician, but also the worker's compensation physician who conducted its independent medical examination, Dr. Joseph Laico.

47.    Connecticut General's conclusions are in complete and malicious disregard of the determinations of Mr. Ey's primary care physician, in complete disregard of his subjective physical complaints and in complete disregard of his job requirements.

## THE TERMS OF THE POLICY

48.    Connecticut General, for good and valuable consideration, sold, executed and delivered to Yellow Freight Systems a group long term disability insurance policy.

49.    On information and belief, the Connecticut General Policy was effective at all times mentioned herein and provides that:

> "[the Policy] delivered and governed by the laws of the governing jurisdiction and to the extent applicable by the Employee Retirement Income Security Act of 1974 (ERISA) and any amendments".

50.    On information and belief, the Connecticut General Policy was renewable periodically and the Connecticut General Policy has been continuously renewed and remains in full force.

51.    Mr. Ey was covered under the terms of the Connecticut General Policy at the time he first became unable to work in April, 1996 when he first applied for disability benefits under the terms of the Connecticut General Policy.

52.    Mr. Ey notified Connecticut General of his continued inability to work and requested disability benefits in accordance with the definitions contained in Connecticut General's long term disability policy.

53.    On information and belief, Connecticut General's group insurance policy provides that the term disability is defined as:

> "After monthly benefits have been payable for twelve months, you will be Totally Disabled only if, because of Injury or Sickness, you are unable to perform the essential duties of any occupation for which you are or may reasonably become qualified based on your education, training or experience."

54.    Commencing on or about April 1996 and continuing through the present, Mr. Ey has been unable to perform each of the material duties of his regular occupation and of any gainful occupation for which he is reasonably fitted by training, education or experience.

55.    Mr. Ey is disabled by the terms of the Connecticut General Policy.

56.    Mr. Ey's condition has not improved.

57.    Additionally, Mr. Ey's treating healthcare providers provided Connecticut General with dated reports concerning the nature and extent of his disability and the progression of his ailments.

58.    Notwithstanding Connecticut General's knowledge of Mr. Ey's condition,

Connecticut General wrongfully, maliciously and in bad faith has denied Mr. Ey's continued receipt of long term disability benefits.

**FIRST CAUSE OF ACTION AGAINST CONNECTICUT GENERAL FOR
WRONGFUL DENIAL OF LONG TERM DISABILITY BENEFITS**

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 58 as if set forth in full herein.

60.     All conditions precedent to the commencement of this action have been met and Mr. Ey has fully performed all of his obligations to Connecticut General under the plan and under the Connecticut General Policy.

61.     Mr. Ey has properly and completely exhausted all of his administrative remedies under the plan.  Defendant Connecticut General wrongfully denies and refuses Mr. Ey's claim for insurance benefits despite the demand, despite no change in condition, and despite his inability to work.

62.     Mr. Ey has been treated wrongfully and unfairly by defendant Connecticut General and in violation of Section 502, 404 and 409 of ERISA 29 U.S.C. §§ 1132, 1104, and 1109, as well as in violation of applicable plan documents and related policies in effect.

63.     Moreover, the decision of Connecticut General to deny Mr. Ey's long term disability insurance benefits under the terms of the plan and under the terms of the Connecticut General Policy was made in bad faith and in violation of ERISA.

64.     Mr. Ey asserts this claim pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 to recover the long term disability insurance benefits due under the plan and to enforce his rights of the Connecticut General Policy under the plan.

65.     As a direct and proximate result of defendant Connecticut General's action, Mr. Ey been caused to incur substantial attorney's fees and costs in an amount not currently known.

66.     Pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Mr. Ey is entitled to

recover his attorney's fees and costs incurred in bringing this action to right the wrong done to him by defendant Connecticut General.

      67.    As a direct and proximate result of defendant Connecticut General's actions and by virtue of Connecticut General's breach of its contractual obligations under the Connecticut General Policy to pay Mr. Ey for a covered loss, Connecticut General is liable to Mr. Ey in the amount of his claim for monthly benefits from the date of its denial through present, together with interest as allowed by law and attorney's fees.

<h3 style="text-align:center">SECOND CAUSE OF ACTION<br>FOR ESTOPPEL AGAINST CONNECTICUT GENERAL</h3>

      68.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 58 as if set forth in full herein.

      69.    On information and belief, Connecticut General, as at all times mentioned herein, accepted timely payment of premiums for Mr. Ey's long term disability coverage for the entire time of his employment beginning in approximately April 1996, making Mr. Ey eligible for long term disability coverage.

      70.    Connecticut General wrongfully, maliciously, and improperly denied benefits to Mr. Ey on March 9, 2006 in breach of its obligations under the Policy and under ERISA.

      71.    Based upon Connecticut General's correspondence with Mr. Ey, Connecticut General acknowledges and admits its obligations under the plan.

      72.    Mr. Ey has reasonably relied to his detriment on his deserved payment of benefits promised to him by Connecticut General under the Policy and justice demands that said promise be enforced.

      73.    By virtue of the actions of Connecticut General, and its agents, servants, employees, and a consequent reliance by Mr. Ey, Connecticut General is estopped in asserting that Mr. Ey is not entitled to payment by Connecticut General of long term disability benefits.

### THIRD CAUSE OF ACTION
### FOR DECLARATORY JUDGMENT

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 58 as if set forth in full herein.

75.     Mr. Ey seeks a declaration that he is permanently disabled pursuant to Connecticut General's long term disability policy and is entitled to long term disability benefits each month until the age of 65 and beyond as appropriate.

### FOURTH CAUSE OF ACTION AGAINST
### CONNECTICUT GENERAL FOR ATTORNEY'S FEES

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 58 as if set forth in full herein.

77.     In violation of Section 409 of ERISA, 29 U.S.C. § 1109, defendant Connecticut General has breached its responsibilities and obligations under the plan to employees of Yellow Freight Systems, including Mr. Ey.  This breach of Connecticut General's duty of good faith, skill, prudence and diligence is described above.

78.     As a direct and proximate result of defendant Connecticut General's actions, William Ey has been caused to incur substantial attorney's fees and costs in an amount not currently known.

79.     Pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Mr. Ey is entitled to recover his attorney's fees and costs incurred in bringing this action to right the wrong done to him by defendant Connecticut General and in treating him in bad faith.

### FIFTH CAUSE OF ACTION AGAINST
### CONNECTICUT GENERAL FOR PAYMENT OF INTEREST

80.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 58 as if set forth in full herein.

81.     Plaintiff was entitled to timely payment of long term disability benefits upon him

first request.

82.     Said benefits were unjustly denied by defendant Connecticut General.

83.     Continued non-payment of benefits to which Plaintiff is entitled has denied Mr. Ey the full value of what was promised him, and afforded Connecticut General an unjust enrichment.

84.     In addition to other remedies requested, an award of interest to Mr. Ey will provide an equitable make-whole remedy for this non-payment under § 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3)(B).

WHEREFORE, plaintiff Mr. Ey, respectfully requests the Court to enter an Order granting the following relief:

(1)     Upon the First Cause of Action against Connecticut General entering an award of judgment in favor of the plaintiff against defendant Connecticut General for the amount of Mr. Ey's monthly disability benefits in amounts owed under the terms of the plan from March 9, 2006 until present, together with interest as allowed by law;

(2)     Upon the Second Cause of Action against Connecticut General declaring that Connecticut General is estopped from asserting that Mr. Ey is not entitled to Connecticut General's long term disability benefits;

(3)     Upon the Third Cause of Action against Connecticut General for an order, award and judgment declaring that Mr. Ey is permanently disabled pursuant to Connecticut General's Total Disability Policy and is entitled to long term disability benefits in a monthly amount to be determined by the Court, each month until the age 65, and beyond as appropriate;

(4)     Upon the Fourth Cause of Action against Connecticut General for reasonable attorney's fees, costs and disbursements incurred in prosecuting this action, and any other attorney's fees and disbursements approved by the Court;

(5)     Upon the Fifth Cause of Action against Connecticut General for interest as the Court deems just and proper on benefits past due Mr. Ey; and

(6)    For such other and further relief as the Court deems just and proper under the circumstances including interest and attorney's fees.

Dated:  Goshen, New York
        September 26, 2007

                                        FOULKE LAW OFFICES

                            By:    _____/S/_____
                                   Evan M. Foulke, Esq.
                                   Attorneys for Plaintiff
                                   1997 Route 17M
                                   P.O. Box 239
                                   Goshen, NY  10924
                                   845-294-4308

TO:    Connecticut General Group Insurance
       12225 Greenville Avenue, Suite 1000
       Dallas, TX  75243-9337