UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
William J. Ey

_____,        :

                Plaintiff(s),        :    07  Civ. 5704 (WP4)(LMS/MDF/GAY)

  -against-        :
Connecticut General Life Ins. Co.
_____,        :

                Defendant(s).        :
------------------------------------------------------------x

### CIVIL CASE MANAGEMENT PLAN

1. This case is/is not to be tried to a jury.

2. Initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) have been exchanged *or* shall be exchanged by November 29, 2007, which is within 30 days after service on the last defendant to be served.

3. No additional parties may be joined after December 10, 2007.

4. No pleading may be amended after December 7, 2007.

5. All discovery, *including expert discovery*, must be completed on or before April 30, 2007. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff=s deposition shall be taken first, and shall be completed by January 31, 2008. (In other types of cases the depositions will proceed in whatever order they are noticed and there is no requirement for plaintiff's deposition to take place first). PLEASE NOTE: the phrase Aall discovery, including expert discovery@ means that the parties must select and disclose their experts= identities and opinions, as required

by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 of all information except the expert reports must be made no later than February 28, 2008, and will be made simultaneously. Disclosures of the expert reports must be made no later than February 28, 2008. Expert depositions must be completed by February 28, 2008. Supplemental expert reports, if any, must be exchanged no later than April 18, 2008.

    6. The following discovery is necessary in order for the parties to be able to consider settlement prior to the completion of all discovery: None

and it will be completed no later than _____, after which the parties may request a settlement conference.

    7. Any *in limine* motions, as well as proposed *voir dire* questions and proposed jury instructions, shall be served and filed no later than 60 days after the close of discovery. No pretrial order will be required unless specifically ordered by the Court.

    8. No motion for summary judgment may be served after the date the pre-trial submissions are due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial submissions on the assigned date in the absence of an Order providing such relief.* Any opposition to a summary judgment motion shall be served and filed no later than 60 days after service of the motion; reply papers, if any, shall be served and filed no later than 10 days after service of the opposition. Page limits for such motions are governed by the designated Magistrate Judge's individual practices.

    8. Discovery disputes will be resolved under the White Plains Magistrate Judges= standard Discovery Order. The existence of a discovery dispute will not result in any extension

of the discovery deadline or trial-ready date.

9. This scheduling order may be altered or amended only on a showing of good cause not foreseeable at the time this order is entered. Counsel should not assume that extensions will be granted as a matter of routine.

10. Counsel must confer about the prospect of consenting to the jurisdiction of the designated Magistrate Judge for all purposes, including trial, pursuant to 28 U.S.C. §636(c). If the parties consent, then all proceedings, including trial, will take place before the designated Magistrate Judge. Consent forms for this purpose are available on the Court's website, and consent may occur at any time during the proceedings.

Dated: _____
      White Plains, New York

                                  SO ORDERED:

                                  _____
                                  United States Magistrate Judge

In an effort to comply with the Order to Prepare Civil Case Management Plan, Defendant Connecticut General Life Insurance Company ("Connecticut General") has agreed to submit the discovery dates proposed herein but contends that no discovery is available beyond the administrative record thereby preserving its right to object to such demands. <u>Schalit v. CIGNA Life Ins. Co. of New York</u>, 2007 WL 2040587, *1 (S.D.N.Y. 2007); <u>Anderson v. Sotheby's Inc.</u>, 2005 U.S. Dist. LEXIS 9033, *16-18. (S.D.N.Y. 2005).

1691547.1