UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WILLIAM J. EY,                                          :

                                  Plaintiff,            :        07 Civ. 5704 (KMK) (LMS)

                  - against -                           :

CGLIC LIFE INSURANCE COMPANY,                           :        **ANSWER**

                                  Defendant.            :

                                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendant CGLIC Life Insurance Company (CGLIC), by its attorneys Wilson,

Elser, Moskowitz, Edelman & Dicker LLP, as and for its Answer to Plaintiff's Amended

Complaint, responds as follows:

## Jury Demand

        1.      CGLIC denies the allegations contained in paragraph "1" of the Amended

Complaint.

## Nature of Action

        2.      CGLIC neither admits nor denies the allegations contained in paragraph

"2" of the Amended Complaint but refers the Court to the statutes referenced therein.

## The Parties

        3.      CGLIC lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "3" of the Amended Complaint.

4.      CGLIC admits the allegations contained in paragraph "4" of the Amended Complaint.

5.      CGLIC admits the allegations contained in paragraph "5" of the Amended Complaint.

6.      CGLIC admits the allegations contained in paragraph "6" of the Amended Complaint.

7.      CGLIC admits the allegations contained in paragraph "7" of the Amended Complaint to the extent that CGLIC issued group long-term disability insurance to Yellow Freight Systems, Inc.

8.      CGLIC denies the allegations contained in paragraph "8" of the Amended Complaint.

9.      CGLIC denies the allegations contained in paragraph "9" of the Amended Complaint.

10.     CGLIC denies the allegations contained in paragraph "10" of the Amended Complaint.

## Jurisdiction and Venue

11.     CGLIC neither admits nor denies the allegations contained in paragraph "11" of the Amended Complaint but refers the Court to the statutes referenced therein.

12.     CGLIC neither admits nor denies the allegations contained in paragraph "12" of the Amended Complaint but refers the Court to the statutes referenced therein.

## Facts Relating to the CGLIC Policy

13.     CGLIC admits the allegations contained in paragraph "13" of the Amended Complaint.

14.     CGLIC admits the allegations contained in paragraph "14" of the Amended Complaint.

15.     CGLIC admits the allegations contained in paragraph "15" of the Amended Complaint to the extent that long-term disability policy no. 0497265 is governed by ERISA.

16.     CGLIC admits the allegations contained in paragraph "16" of the Amended Complaint.

17.     CGLIC admits the allegations contained in paragraph "17" of the Amended Complaint.

18.     CGLIC denies the allegations contained in paragraph "18" of the Amended Complaint.

19.     CGLIC denies the allegations contained in paragraph "19" of the Amended Complaint.

## Mr. Ey's Total Disability

20.     CGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Amended Complaint.

21.    CGLIC admits the allegations contained in paragraph "21" of the Amended Complaint to the extent that Plaintiff suffered an on-the-job injury to his lower back on or about April 6, 1996.

22.    CGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Amended Complaint and leaves Plaintiff to the proof thereof.

23.    CGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Amended Complaint and leaves Plaintiff to the proof thereof.

24.    CGLIC denies the allegations contained in paragraph "24" of the Amended Complaint.

25.    CGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Amended Complaint and leaves Plaintiff to the proof thereof.

26.    CGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint and leaves Plaintiff to the proof thereof.

27.    CGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Amended Complaint and leaves Plaintiff to the proof thereof.

28.    CGLIC denies the allegations contained in paragraph "28" of the Amended Complaint.

29.    CGLIC denies the allegations contained in paragraph "29" of the Amended Complaint.

30.    CGLIC denies the allegations contained in paragraph "30" of the Amended Complaint.

31.    CGLIC denies the allegations contained in paragraph "31" of the Amended Complaint.

32.    CGLIC denies the allegations contained in paragraph "32" of the Amended Complaint.

33.    CGLIC admits the allegations contained in paragraph "33 of the Amended Complaint to the extent that Plaintiff requested long-term insurance disability benefits during the year of the onset of his disability in 1996.

34.    CGLIC admits the allegations contained in paragraph "34" of the Amended Complaint to the extent that monthly long-term disability benefits commenced on October 6, 1996.

35.    CGLIC denies the allegations contained in paragraph "35" of the Amended Complaint.

36.    CGLIC denies the allegations contained in paragraph "36" of the Amended Complaint to the extent that it is alleged that CGLIC only "temporarily" honored its obligations under ERISA and the policy.

37.    CGLIC denies the allegations contained in paragraph "37" of the Amended Complaint.

38.    CGLIC denies the allegations contained in paragraph "38" of the Amended Complaint.

39.    CGLIC denies the allegations contained in paragraph "39" of the Amended Complaint.

40.    CGLIC admits the allegations contained in paragraph "40" of the Amended Complaint.

41.    CGLIC denies the allegations contained in paragraph "41" of the Amended Complaint.

42.    CGLIC denies the allegations contained in paragraph "42" of the Amended Complaint.

43.    CGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Amended Complaint and leaves Plaintiff to the proof thereof.

44.    CGLIC denies the allegations contained in paragraph "44" of the Amended Complaint.

45.    CGLIC denies the allegations contained in paragraph "45" of the Amended Complaint.

46.    CGLIC denies the allegations contained in paragraph "46" of the Amended Complaint.

47.    CGLIC denies the allegations contained in paragraph "47" of the Amended Complaint.

**The Terms of the Policy**

48.     CGLIC admits the allegations contained in paragraph "48" of the Amended Complaint.

49.     CGLIC neither admits nor denies the allegations contained in paragraph "49" of the Complaint but refers the Court to the policy referenced therein.

50.     CGLIC denies the allegations contained in paragraph "50" of the Amended Complaint.

51.     CGLIC admits the allegations contained in paragraph "51" of the Amended Complaint.

52.     CGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Amended Complaint, refers the Court to the policy referenced therein, and leaves Plaintiff to the proof thereof.

53.     CGLIC neither admits nor denies the allegations contained in paragraph "53" of the Complaint but refers the Court to the policy referenced therein.

54.     CGLIC denies the allegations contained in paragraph "54" of the Amended Complaint.

55.     CGLIC denies the allegations contained in paragraph "55" of the Amended Complaint.

56.     CGLIC denies the allegations contained in paragraph "56" of the Amended Complaint.

57.    CGLIC admits the allegations contained in paragraph "57" to the extent that Plaintiff's treating healthcare providers provided CGLIC with dated reports concerning his injury.

58.    CGLIC denies the allegations contained in paragraph "58" of the Amended Complaint.

**First Cause of Action Against CGLIC for Wrongful Denial of Long Term Disability Benefits**

59.    CGLIC repeats and re-alleges each and every answer contained in paragraphs numbered "1" through "58" as if fully set forth herein.

60.    CGLIC denies the allegations contained in paragraph "60" of the Amended Complaint.

61.    CGLIC denies the allegations contained in paragraph "61" of the Amended Complaint.

62.    CGLIC denies the allegations contained in paragraph "62" of the Amended Complaint.

63.    CGLIC denies the allegations contained in paragraph "63" of the Amended Complaint.

64.    CGLIC denies the allegations contained in paragraph "64" of the Amended Complaint to the extent that it alleges that "benefits [are] due under the plan" and refers the Court to the statute referenced therein.

65.    CGLIC denies the allegations contained in paragraph "65" of the Amended Complaint.

66.    CGLIC denies the allegations contained in paragraph "66" of the Amended Complaint.

67.    CGLIC denies the allegations contained in paragraph "67" of the Amended Complaint.

## Second Cause of Action for Estoppel Against CGLIC

*68.-73.         Second cause of action was voluntarily dismissed by stipulation and so ordered by the Court on November 7, 2007.*

## Third Cause of Action for Declaratory Judgment

74.    CGLIC repeats and re-alleges each and every answer contained in paragraphs numbered "1" through "73" as if fully set forth herein.

75.    CGLIC denies the allegations contained in paragraph "75" of the Amended Complaint.

## Fourth Cause of Action Against CGLIC for Attorney's Fees

76.    CGLIC repeats and re-alleges each and every answer contained in paragraphs numbered "1" through "75" as if fully set forth herein.

77.    CGLIC denies the allegations contained in paragraph "77" of the Amended Complaint.

78.    CGLIC denies the allegations contained in paragraph "78" of the Amended Complaint.

79.    CGLIC denies the allegations contained in paragraph "79" of the Amended Complaint.

## Fifth Cause of Action Against CGLIC for Payment of Interest

80.    CGLIC repeats and re-alleges each and every answer contained in paragraphs numbered "1" through "79" as if fully set forth herein.

81.    CGLIC denies the allegations contained in paragraph "81" of the Amended Complaint.

82.    CGLIC denies the allegations contained in paragraph "82" of the Amended Complaint.

83.    CGLIC denies the allegations contained in paragraph "83" of the Amended Complaint.

84.    CGLIC denies the allegations contained in paragraph "84" of the Amended Complaint.

## Prayer for Relief

(1)    CGLIC denies Plaintiff's entitlement to the relief requested in paragraph "(1)" of the Amended Complaint.

(2)    *Second cause of action was voluntarily dismissed by stipulation and so ordered by the Court on November 7, 2007.*

(3)    CGLIC denies Plaintiff's entitlement to the relief requested in paragraph "(3)" of the Amended Complaint.

(4)    CGLIC denies Plaintiff's entitlement to the relief requested in paragraph "(4)" of the Amended Complaint.

(5)    CGLIC denies Plaintiff's entitlement to the relief requested in paragraph "(5)" of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all relevant times, CGLIC acted in good faith and fulfilled its duties and responsibilities to the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The causes of action set forth in the Amended Complaint are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken by CGLIC or its agents or employees in the administration of any insurance plan applicable to the Plaintiff were taken in strict compliance in conformity with the terms, procedures, and requirements of said plan.

## FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken by CGLIC or its agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were taken in good faith and not in an arbitrary, capricious, or unreasonable manner, or in a manner that would amount to an abuse of discretion.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury of the issues raised in the Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have breached other terms and conditions of the policy issued by CGLIC.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust the administrative remedies before filing the Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

In the event that this Court were to determine that Plaintiff is entitled to long-term disability benefits under the plan documents, Plaintiff's claims are subject to the doctrines of setoff and recoupment to the extent that he is receiving or has received other benefits which qualify as Other Income Benefits under the Plan and reduce the amount of any long-term disability benefit payable to him under the Plan.

**WHEREFORE**, CGLIC demands judgment against Plaintiff dismissing the Amended Complaint, together with costs and disbursements of this action, and granting such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
      November 9, 2007

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:    /s/ Matthew D. Donovan
Fred N. Knopf (FNK 4625)
Matthew D. Donovan (MD 2940)
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000

1736742.1

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2007, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Matthew D. Donovan
Matthew D. Donovan (MD 2940)
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000
Facsimile (914) 323-7001

1736742.1